# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2741 | **DATE** | 10/7/2004 |
| **CASE TITLE** | Mitsui Sumitomo vs. Watkins Mtr Line | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 01/27/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion, plaintiffs' motion for summary judgment is granted and defendant's motion for partial summary judgment is denied without prejudice. The defendant is given until 11/01/04 to re-file a partial summary judgment motion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 8 - 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. Memorandum opinion distributed in open Court. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 45 |
| | Copy to judge/magistrate judge. | 2004 OCT -8 AM 8:26 | | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

MITSUI SUMITOMO INSURANCE CO. )
LTD., a/s/o SHARP ELECTRONICS )
CORP., and SHARP ELECTRONICS )
CORP., )
)
Plaintiffs, )
)
v. ) No. 03 C 2741
)
WATKINS MOTOR LINES, INC., )
)
Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs Mitsui Sumitomo Insurance Co., Ltd.'s ("Mitsui") and Sharp Electronics Corp.'s ("Sharp") renewed motion for summary judgment and on Defendant Watkins Motor Lines, Inc.'s ("Watkins") partial motion for summary judgment to limit liability. For the reasons stated below, we grant Plaintiffs' motion for summary judgment. We also deny Watkins' partial motion for summary judgment without prejudice.

## BACKGROUND

The majority facts in this action are not contested. Defendant Watkins is

1

45

engaged in business as a motor carrier. Plaintiffs hired Watkins to transport a shipment of projectors and allege that on April 30, 2001, Watkins received from Sharp a shipment of twenty-three projectors with an invoice value of $85,100. Watkins failed to deliver the projectors to the intended destination. Watkins contends however, that it is not liable because Sharp did not file a claim with Watkins in a timely fashion. Watkins also claims that under the terms of the bill of lading and incorporated tariff for the projectors, Watkins has only limited liability for the loss.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations or denials in the pleadings, but, "by affidavits or as otherwise

2

provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### I. Plaintiffs' Motion for Summary Judgment

Plaintiffs argue that Watkins was the initial carrier who had control and custody of the projectors when the loss occurred and thus Watkins is liable for the loss. Plaintiffs argue that Watkins is liable under the Carmack Amendment, 49 U.S.C. § 14706, to the Interstate Commerce Act. The Seventh Circuit has stated that "[t]he Carmack Amendment has been interpreted by the Supreme Court and this Court to provide that 'a common carrier is liable for all losses which occurred while the goods were being transported by it, unless the carrier can demonstrate it is free

3

from fault.'" *Pharma Bio, Inc. v. TNT Holland Motor Exp., Inc*, 102 F.3d 914, 916 (7th Cir. 1996) (quoting *Jos. Schlitz Brewing Co. v. Transcon Lines*, 757 F.2d 171, 176 (7th Cir.1985)). *See also American Nat. Fire Ins. Co. v. Yellow Freight Sys., Inc.* 325 F.3d 924, 929 (7th Cir. 2003)(stating that the Carmack Amendment "provides shippers with the statutory right to recover for actual losses to their property caused by carriers.")(quoting *Allied Tube & Conduit Corp. v. S. Pac. Transp. Co.*, 211 F.3d 367, 369 (7th Cir. 2000)). Watkins argues that there are genuinely disputed facts regarding whether or not Plaintiffs gave notice to Watkins of the loss by filing a claim with Watkins in a timely fashion. The Carmack Amendment provides the following:

> [a] carrier may not provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section. The period for bringing a civil action is computed from the date the carrier gives a person written notice that the carrier has disallowed any part of the claim specified in the notice.

49 U.S.C. § 14706(e)(1). Pursuant to 49 U.S.C. § 14706(e) and 49 C.F.R. § 370.3(c), a claimant shipper generally "must file a written or electronic claim with the carrier within at least nine months." *Neely v. Mayflower Transit, LLC,* 2003 WL 23648655, at *2 (N.D. Ill. 2003). Watkins claims that it picked up the projectors on April 30, 2001, and did not receive a claim form from Sharp until March 19, 2002. Watkins argues that since Plaintiffs did not provide Watkins with written notice of the claim within the required period, Plaintiffs' claim is barred.

4

Watkins cites *Hopper Paper Co. v. Baltimore & O. R. Co*, 178 F.2d 179, 182 (7th Cir. 1950). In *Hopper* the court noted that the "statute is a limitation law, . . .that . . . was not intended to operate as a statute of limitation. . . and that the general rule in cases . . . is, that failure to give notice of a claim for damages or loss in accordance with a stipulation in a contract for the shipment of goods is excused, or is inapplicable, where the carrier has or is chargeable with actual knowledge of all the conditions as to the damages that a written notice could give." *Id.* However, the court in *Hopper* did not rule that written notice is required. The court explained that in the case before it, since the "defendant and its agents were fully aware and cognizant of the existence of all the facts concerning the [damage,]. . . a formal notice by plaintiff to the defendant could not have accomplished anything more." *Id.* The court held that the defendant carrier could "not use the provisions of the bill of lading to shield itself from the liability imposed upon it by the statute and the common law for its negligent destruction of the shipper's property." *Id.*

Watkins claims that it picked up the projectors on April 30, 2001, and did not receive a claim form from Sharp until March 19, 2002. Plaintiffs argue that there is sufficient evidence that Watkins was aware of the loss of the projectors and the facts surrounding the loss long before the nine month period expired. Plaintiffs state that "[i]n the instant matter there is no dispute that WATKINS had actual knowledge that the shipment was lost and/or had been stolen since the disappearance of the shipment." (P. Mot. Reply 7). These circumstances in the instant action are similar

5

to those in *William Wrigley, Jr. Co. v. Stanley Transp., Inc*, 121 F.Supp.2d 670 (N.D. Ill. 2000). In *Wrigley* the plaintiff's goods were stolen from the carrier's truck. *Id.* at at 671. The court in *Wrigley* held that since the defendant carrier was aware that the products in question had been stolen, the carrier had actual notice which was sufficient to meet the requirement elucidated in *Hopper*. *Id.* at 672. Similarly, in the instant action, Watkins admits pursuant to Local Rule 56.1 to numerous facts that indicate that Watkins' employees were aware that the projectors were lost long before Sharp filed a claim. Watkins admits to the existence of various documents that were prepared by Watkins' employees documenting the disappearance of the projectors. Watkins also admits that Thomas Madigan, an employee of Watkins, reported the disappearance of the projectors to the Lyons Police Department prior to the nine month period. ( P Mot. R SF 23, 24). Thus, based on this and other evidence, no reasonable trier of fact could find that Watkins did not have sufficient notice of the disappearance of the projectors prior to the end of the nine month period. Therefore, we grant Plaintiffs' motion for summary judgment.

## II. Watkins' Motion For Summary Judgment

Watkins argues that under the terms of the bill of lading and incorporated tariff for the projectors Plaintiffs' recovery is limited to $25.00 per pound. We cannot make proper ruling on Watkins' motion at this juncture. Although the parties

6

make reference to various facts in their briefs, neither side included more than a cursory statement of facts in their briefs. In addition, neither Watkins nor Plaintiffs have complied with Local Rule 56.1 and filed statements of facts and responses. Without being presented with all the pertinent facts and without clarification as to which facts are contested facts as is required by Local Rule 56.1, we cannot make a proper ruling on Watkins' motions. Having failed to comply with Local Rule 56.1, we deny Watkins' motion for summary judgment without prejudice. *See Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920, 922 (7th Cir. 1994)(stating a local rule pertaining to summary judgment "is more than a technicality"); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)(stating "that a district court is entitled to expect strict compliance with Rule 56.1." and that "[s]ubstantial compliance is not strict compliance.").

Watkins must file any other motion for summary judgment by November 1, 2004. If Watkins does not file a motion for summary judgment by that date, we shall enter final judgment in this action and terminate the case. Watkins is warned that a failure to abide by the requirements of Local Rule 56.1 in regards to a future motion for summary judgment will result in a denial of the motion with prejudice. Plaintiffs are also warned that a failure to follow court rules and procedures could result in sanctions. If Watkins files a motion for summary judgment, the answer brief will be due on November 15, 2004, and the reply brief will be due on November 22, 2004.

## CONCLUSION

Based on the foregoing analysis, we grant Plaintiffs' motion for summary judgment. We also deny Watkins' partial motion for summary judgment without prejudice.

_Samuel Der-Yeghiayan_
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 7, 2004