

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MITSUI SUMITOMO )
INSURANCE CO., LTD., a/s/o )
SHARP ELECTRONICS CORP., )
and SHARP ELECTRONICS )
CORP., )
)
      Plaintiffs, )
)
v. ) No. 03 C 2741
)
WATKINS MOTOR LINES, INC., )
)
      Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Watkins Motor Lines, Inc.'s ("Watkins") second motion for partial summary judgment to limit liability. For the reasons stated below, we deny Watkins' motion for partial summary judgment.

## BACKGROUND

The majority facts in this action are not contested. Defendant Watkins is engaged in business as a motor carrier. Plaintiffs allege that Plaintiff Sharp Electronics Corp ("Sharp") hired Watkins to transport a shipment of projectors and that on April 30, 2001, Watkins received from Sharp a shipment of twenty-three

1

projectors with an invoice value of $85,100. Watkins failed to deliver the projectors to the intended destination. Watkins contends however, that it is not liable because Sharp did not file a claim with Watkins in a timely fashion. Watkins also claims that under the terms of the bill of lading and incorporated tariff for the projectors, Watkins has only limited liability for the loss. On October 7, 2004, we granted Plaintiffs' motion for summary judgment, finding Watkins liable under the Carmack Amendment, 49 U.S.C. § 14706, to the Interstate Commerce Act. Watkins had also moved for summary judgment to limit its liability and on October 7, 2004, we denied the motion without prejudice due to Watkins' failure to follow the requirements of Local Rule 56.1. Watkins has now filed a second motion for summary judgment seeking to limit its liability.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at

2

325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations or denials in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Watkins argues that its tariff limits Watkins' liability for loss or damage to $25.00 per pound. It is undisputed in this action that when Watkins entered into the contract with Sharp the bill of lading for the shipment was prepared by Sharp on its own bill of lading form and that the form provided that Watkins would receive the shipment "subject to classifications and *lawfully filed tariffs* in effect on the date of the issue of the Bill of Lading." (emphasis added)( R SF 7). Watkins argues that its unfiled tariffs should be read into the bill of lading and that, based on Watkins'

3

unfiled tariff, damages should be limited to $25.00 per pound because no value was declared on the bill of lading.

Watkins argues that we should read the bill of lading according to Watkins' interpretation because the bill of lading was prepared by Sharp and thus the document "must be strictly construed against the party which prepared it" and that inferences should be drawn in favor of the party that did not prepare the bill of lading. (Reply 2). Watkins first cites a variety of cases for this proposition (Mot. 3-4)(Reply 2), none of which are controlling precedent. Even if we were to strictly construe the bill of lading against Sharp, there is no ambiguity in the bill of lading in the instant action. The bill of lading specifically referred to "lawfully filed tariffs." The fact that Sharp prepared the document does not allow Watkins to now change the clear terms of the agreement. If, for example the bill of lading merely made reference to "tariffs" in general, perhaps the fact that Sharp prepared the document would warrant inferences in Watkins' favor that unfiled tariffs were impliedly included, but the bill of lading in the instant action is clear and unambiguous on this point. The document is of such clarity that Watkins should have had no misunderstanding as to what tariffs were covered, and if Watkins thought it prudent to include unfiled tariffs, Watkins could have requested the term "filed" be removed or that "and unfiled" be added to the bill of lading. Watkins is not an unsophisticated party in matters concerning shipping contracts. It is apparent that now, after the fact, when Watkins realizes that the terms it agreed to are not to its liking, that Watkins seeks to alter the terms. Such an alteration is not in accordance

4

with contract law, regardless of which party prepared the contractual document. Watkins argues that in a District of Idaho case and a Western District of New York case, courts have found that unfiled tariffs were impliedly incorporated into a bill of lading. (Reply 4). However, neither of the cases are controlling precedent.

Watkins also cites to *Tempel Steel Corp. v. Landstar Inway, Inc.*, 211 F.3d 1029, 1030 (7th Cir. 2000) in support of its position. However, in *Tempel* the bill of lading at issue stated that the shipped item was received "subject to classifications and tariffs in effect on the date of the issue of this Bill of Lading." *Id.* The bill of lading in *Tempel* is thus clearly distinguishable from the bill of lading in the instant suit. The bill of lading in the instant suit likewise makes reference to tariffs in effect on the date of issue, but unlike the bill of lading in *Tempel*, the bill of lading in the instant action also includes a specific reference to filed tariffs. Watkins could have sought terms in its agreement with Sharp to limit its liability, and Watkins chose not to do so in regards to unfiled tariffs. It would be unfair to allow Watkins to alter the terms of the contract at the very point when Sharp seeks to enforce them and it would be unfair to presume that Sharp somehow knew that the unambiguous language in the bill of lading had some hidden meaning, expanding the scope of the limitation of liability. Therefore, we deny Watkins' motion for partial summary judgment.

## CONCLUSION

Based on the foregoing analysis, we deny Watkins' motion for partial summary judgment.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 7, 2005