IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MITSUI SUMITOMO INSURANCE CO. LTD., a/s/o SHARP ELECTRONICS CORP., and SHARP ELECTRONICS CORP., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 03 C 2741 |
| WATKINS MOTOR LINES, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Watkins Motor Lines, Inc.'s ("Watkins") motion to alter or amend judgment. For the reasons stated below, we deny Watkins' motion to alter or amend judgment.

## BACKGROUND

The majority of facts in this action are not contested. Defendant Watkins is engaged in business as a motor carrier. Plaintiff, who hired Watkins to transport a shipment of projectors, alleges that on April 30, 2001, Watkins received from Sharp a shipment of twenty-three projectors with an invoice value of $85,100. Watkins

1

failed to deliver the projectors to the intended destination. Watkins contends however, that it is not liable because Sharp did not file a claim with Watkins in a timely fashion. Watkins also claims that under the terms of the bill of lading and incorporated tariff for the projectors, Watkins has only limited liability for the loss. On October 7, 2004, we granted Plaintiff Mitsui Summitomo Insurance Co., Ltd.'s ("Mitsui") motion for summary judgment on the issue of Watkins' liability. Watkins subsequently filed a motion for summary judgment seeking a limitation of damages. On February 7, 2005, we denied Watkins' motion for summary judgment seeking a limitation of damages. Watkins now requests that the court reconsider its February 7, 2005 ruling.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at

1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

## DISCUSSION

Watkins does not include in his motion to alter or amend judgment any new evidence, new arguments, or indicate that the court has committed a manifest error. Watkins presents for example, the same arguments pertaining to the history of the Carmack Amendment which the court fully considered when making its prior decision. Watkins also contends that the court, in its prior ruling, drew a distinction between filed and unfiled tariffs and thus enforces language in the pertinent bill of lading that is now "meaningless and anachronistic. . . ." (Mot. 3). This court did not "draw[] an artificial distinction between filed and unfiled tariffs" as Watkins suggests. (Mot. 3). Rather, the court ruled based upon the express language included in the agreement that Watkins entered into with Mitsui, which made specific reference to "lawfully *filed* tariffs." (BL)(emphasis added). Our prior ruling does nothing more than require Watkins to honor the terms of the agreement that Watkins entered into with Mitsui.

Watkins also attempts, in its motion to alter or amend judgment, to reintroduce its arguments pertaining to *Tempel Steel Corp. v. Landstar Inway, Inc.*,

211 F.3d 1029 (7th Cir. 2000). As we indicated in our February 7, 2005, ruling, Watkins cited to *Tempel* in support of its summary judgment motion seeking a limitation on damages. (W SJ Limit Mot. Reply 4). We concluded in our February 7, 2005, ruling that *Tempel* was distinguishable in regards to Watkins' position. Watkins argues that the court, in referring to *Tempel* in the February 7, 2005 ruling, drew a distinction between "filed tariffs" and "unfiled tariffs." However, we made no such substantive distinction in regards to the meaning given under the law to the phrases "filed tariffs" and "unfiled tariffs." Rather, as we explained in our ruling, we compared the language of the bill of lading to the bill of lading at issue in the instant action and found the two bills of lading to have material differences. Therefore, we deny Watkins' motion to alter or amend judgment.

## CONCLUSION

Based on the foregoing analysis, we deny Watkins' motion to alter or amend judgment.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 10, 2005